## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, f/k/a THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) ) | **No. 3:12-cv-3098** |
| **DISH NETWORK, L.L.C.,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Defendant Dish Network, LLC has filed (d/e 49) a Motion for Leave to File an Amended Counterclaim and Third-Party Claim. Dish seeks: (1) to amend Dish's counterclaim against Plaintiff Travelers Property Casualty Company of America; and (2) to add third-party claims against Dish's other primary liability insurer, ACE American Insurance Company.  ACE has intervened for the limited purpose of opposing Dish's motion (see December 11, 2015

text order).  Initially, Dish also sought to add a third-party claim against its excess liability insurer, National Union Fire Company of Pittsburgh, PA, but Dish has since withdrawn that request (d/e 69).

Travelers has responded not by opposing Dish's motion but by filing (d/e 61) a somewhat similar Motion for Leave to Amend Its Complaint.  Travelers seeks: (1) to add a claim for recoupment of defense costs against Dish to the extent that Travelers is ultimately determined never to have owed defense costs to Dish; and (2) to assert a claim against ACE seeking contribution for defense costs to the extent that Travelers and ACE are both ultimately determined to owe defense costs to Dish.  ACE has intervened for the limited purpose of opposing Travelers' motion (see February 11, 2016 text order).

Essentially, Dish seeks to amend its counterclaim against Travelers and to add third-party claims against ACE, and Travelers seeks to add a claim against Dish and to add a claim against ACE. Dish and Travelers do not oppose each other's motions, but ACE has intervened to oppose being added to this case.  For the reasons below, the motions (d/e 49, 61) are GRANTED IN PART and DENIED IN PART.

## I.   Background

Travelers issued primary liability insurance policies to Dish. Dish later sought coverage under those policies after being sued by the federal government and several state governments in a federal lawsuit captioned <u>United States of America and the States of California, Illinois, North Carolina, and Ohio v. DISH Network L.L.C.</u>, No. 3:09-cv-3073 (C.D. Ill. filed Mar. 25, 2009).  In that case, the government plaintiffs allege that Dish violated the federal Telephone Communications Privacy Act and other statutes by placing unsolicited advertising phone calls to consumers.

In 2012, Travelers filed this lawsuit seeking a declaration that it has no duty to defend Dish in the underlying lawsuit.  On August 8, 2012, the Court entered a scheduling order (d/e 18) setting a September 10, 2012 deadline for amending pleadings or adding parties.  On March 24, 2014, the Court entered a summary judgment order (d/e 38) finding that Travelers had a duty to defend Dish in the underlying lawsuit.  Travelers filed a motion to reconsider, which the Court denied (see February 26, 2015 text order).

A similar coverage action between Dish and its other primary insurer, ACE, is pending in federal court in Colorado.  See <u>ACE Am. Ins. Co. v. DISH Network, LLC</u>, No. 1:13-cv-560 (D. Colo. filed Mar. 4, 2013).  The ACE case involves similar issues relating to the same underlying lawsuit.  Dish filed a motion to stay or to transfer the ACE case to this Court—and Travelers filed a motion to intervene for the purpose of joining the motion—but the ACE court denied Dish's motion on February 19, 2016.  <u>Id</u>. (Doc. 169).

Another similar coverage action, between Dish and its excess insurer, National Union, is also pending in federal court in Colorado.  See <u>National Union Fire Insurance Company of Pittsburgh, PA v. DISH Network, LLC</u>, No. 1:15-cv-1053 (D. Colo. filed May 19, 2015).  On February 4, 2016, the National Union court stayed proceedings until final judgment is entered in the underlying lawsuit.  <u>Id</u>. (Doc. 25).  In light of that stay, Dish has withdrawn its request to add claims against National Union in the case before this Court (d/e 69 at 5 of 23).

## II. The motions as they relate to the claims and counterclaims between Dish and Travelers

Travelers seeks to amend its complaint against Dish. Dish seeks to amend its counterclaim against Travelers. Dish does not oppose Travelers' motion, and Travelers has not filed any opposition to Dish's motion.

The Court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). And although the deadline for amending pleadings in this case passed in 2012, the Court may modify a case's existing schedule for "good cause." Fed. R. Civ. P. 16(b)(4). Indeed, district courts are vested with broad discretion over case scheduling. Jones v. Coleman Co., 39 F.3d 749, 753 (7th Cir. 1994) (no error where court allowed summary judgment motion to be filed after deadline had passed) ("A district court has discretion in managing its caseload."); Brewer v. Wal-Mart Stores, Inc., No. 01-50357, 2003 U.S. Dist. LEXIS 10427, *6 (N.D. Ill. June 19, 2003) ("it is within the judge's discretion to modify the schedule where there is a showing of good cause, or where [the judge] sees that modification is appropriate"); see also Jackson v. Rockford Hous. Auth., 213 F.3d 389, 393 (7th Cir. 2000)

("The general rule that amendment is allowed absent undue surprise or prejudice … is widely adhered to …").

Here, Dish argues, good cause exists to grant Dish leave to amend because it would have been premature for Dish to bring a counterclaim for indemnity against Travelers while Dish's summary judgment motion in the underlying lawsuit remained pending.  See Travelers Ins. Cos. v. Penda Corp., 974 F.2d 823, 833 (7th Cir. 1992) ("Illinois law is clear that a determination of whether [insurer] has a duty to indemnify is not ripe until the underlying litigation is terminated.") (vacating summary judgment on duty to indemnify and directing district court to dismiss duty-to-indemnify portion of insurer's complaint without prejudice).  Dish says that only now— with the Court having denied Dish's motion for summary judgment in the underlying lawsuit, and with settlement negotiations in the underlying lawsuit having failed—is Dish's claim for indemnity against Travelers necessary and appropriate.

Dish adds that it has been diligent in pursuing its counterclaims, having filed its motion for leave within several months of the Court's denial of Dish's motion for summary judgment in the underlying lawsuit and less than two weeks after

efforts to settle the underlying lawsuit failed (d/e 50 at 12 of 20, d/e 69 at 17-18 of 23).  See Alioto v. Town of Lisbon, 651 F.3d 715, 720 (7th Cir. 2011) ("In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment.") (finding lack of diligence where plaintiff "offer[ed] an insufficiently robust explanation of why he was diligent").

Likewise, Travelers argues that it has pursued its claims diligently in this litigation.  When the deadline for adding parties passed in 2012, the Court had not yet determined that Travelers had a duty to defend Dish.  After the Court ruled that Travelers had a duty to defend Dish and denied Travelers' motion to reconsider that ruling, Travelers pursued a resolution with Dish that would have allowed an appeal of the Court's ruling.  When those efforts failed—and within months of Dish's filing a motion for leave to amend its counterclaims—Travelers filed its own motion for leave to amend its complaint.

Both Dish and Travelers also argue that granting the motions will aid judicial efficiency and economy by creating a comprehensive coverage action between Travelers and Dish.  If the Court denies the

motion, the parties say, they will be forced to maintain two separate actions: (1) this case involving Travelers' duty to defend Dish; and (2) a separate case involving Travelers' duty to indemnify Dish.  It would be more efficient, the parties say, for Travelers and Dish to consolidate their coverage disputes in this existing case.

The Court finds good cause to amend the existing schedule to allow Travelers and Dish to amend their claims and counterclaims against one another as requested.  Neither party objects to the other's request, and allowing the amendments will relieve the parties from the burden of maintaining two separate lawsuits: one lawsuit concerning Travelers' duty to defend Dish, and one lawsuit concerning Travelers' duty to indemnify Dish.  The motions (d/e 49, 61) are granted in part to allow Dish to amend its counterclaims against Travelers and to allow Travelers to add claims for defense-cost recoupment against Dish.

## III.   The motions as they relate to ACE

Dish also seeks to add third-party claims for defense and indemnification against ACE.  Travelers seeks to add claims against ACE for defense-cost contribution in the event that ACE and Travelers are both found to have a duty to defend Dish.  Dish and

Travelers do not oppose each other's motions, but ACE has intervened to oppose being added to this case.

Essentially, Dish and Travelers seek to streamline the resolution of Dish's coverage issues by adjudicating all of the issues between Dish and its primary insurers—Travelers and ACE—in a single court. Dish and Travelers both argue that a single, comprehensive coverage action is the best vehicle for efficiently and effectively adjudicating the disputes between Dish and its insurers. ACE, meanwhile, opposes being brought into this litigation and prefers to continue litigating its coverage dispute with Dish in the ongoing ACE case in Colorado.

For the reasons below, the motions (d/e 49, 61) are denied with respect to the parties' requests to amend their pleadings to bring third-party claims against ACE.

### A.   Good cause

Both Dish and Travelers acknowledge that the deadline for adding parties has passed. But Dish argues that good cause exists to allow it to add third-party claims against ACE. Fed. R. Civ. P. 16(b)(4) (court may modify existing schedule for "good cause"). Good cause exists here, Dish says, because its claim for

indemnification against ACE was not previously ripe: when the deadline to add parties in this case passed, the ACE case had not yet been filed, and the Court had not decided any liability issues in the underlying lawsuit.

Likewise, Travelers argues that it has acted in a timely manner and that adding claims against ACE is appropriate only now because when the deadline for adding parties in this case passed the Court had not yet ruled that Travelers had a duty to defend Dish in the underlying lawsuit.

ACE disagrees.  According to ACE, Dish and Travelers' attempt to join ACE in this action is "blatant forum-shopping" (d/e 56 at 2, d/e 70 at 2).  ACE says that Dish has not justified its "inexcusable" delay in seeking to join ACE in this case (d/e 56 at 7).  Dish, ACE says, has known that Dish's policies with Travelers and ACE were potentially implicated by the underlying lawsuit since the underlying lawsuit was filed in 2009, as evidenced by Dish's having sought coverage from Travelers and ACE soon after the underlying lawsuit was filed.  ACE says that Dish could have asserted its claims against ACE in this case over 3 years ago—when Dish filed its answer and counterclaim in 2012—instead of allowing this case

and the ACE case in Colorado to continue simultaneously until
Dish received a favorable ruling from this Court on Travelers' duty
to defend Dish.  ACE suspects that this Court's ruling that
Travelers has a duty to defend Dish is the real impetus for Dish's
request to bring ACE into this case—not, as Dish claims, the
summary judgment ruling and failed settlement negotiations in the
underlying litigation.  ACE says that this constitutes inappropriate
forum-shopping and that Dish has failed to justify its delay.

As for Travelers, ACE says that Travelers, like Dish, had ample
opportunity to add claims against ACE in this case over 3 years ago,
before the deadline for joining parties passed in September 2012.
But Travelers chose not to amend its complaint to join ACE when it
had the chance, ACE says, and Travelers has not justified its
belated effort to do so now.  ACE argues that it has justifiably relied
on the ACE court's decision: (1) that Travelers was not a necessary
party to the ACE case; and (2) that the ACE case could proceed
independently of Travelers.  See Recommendation of United States
Magistrate Judge, ACE v. Dish, 1:13-cv-560, D. Colo. Aug. 13, 2013
(Doc. 34 at 22-23) (adopted by District Judge March 3, 2014 (Doc.
44)).  ACE says that the delay "severely prejudices" ACE's rights

because, if the Court grants the motion, ACE will be required to "re-start" the litigation that has been ongoing for over 3 years in the ACE case—resulting in an unnecessarily delayed determination of ACE's rights and obligations under its policies with Dish (d/e 70 at 2).  ACE says that it has incurred substantial legal costs litigating the ACE case over the past 3 years and preparing the summary judgment motions that remain pending before the ACE court.  To force ACE to re-start its litigation with Dish in this case, ACE says, would delay a final adjudication of the dispute between ACE and Dish and would force ACE to incur unnecessary and duplicative costs, without benefit.

ACE characterizes Travelers' motion as being motivated by Travelers' fear of being "left alone" to satisfy Dish's defense costs, as Travelers did not seek to entangle ACE in this case until after Travelers received an unfavorable ruling from this Court (d/e 70 at 10).  The time to attempt to consolidate these coverage actions, ACE says, has passed, and Travelers has waived its right to join ACE at this late juncture.  The Court, ACE says, should not tolerate Travelers' unjustified delay and should not prejudice ACE by granting Travelers' motion.

Dish replies that, while ACE focuses on Dish's supposed lack of diligence and alleged forum-shopping, Dish in fact has been diligent and is not forum-shopping.  In Dish's view, there has been no undue delay here.  Until shortly before Dish filed this motion, Dish says, the "need to consolidate" was "more abstract" (d/e 69 at 18 of 23).  In particular, the potential existed that the underlying lawsuit would resolve or that the need for coverage actions would be minimal.  But now, Dish says, the day when ACE and Travelers must resolve their obligations to Dish looms on the horizon.

Dish characterizes ACE as having taken the "unsupportable" position that, because Dish has known that coverage under its policies with ACE and National Union were "potentially implicated" for several years, Dish had the duty to immediately sue all three insurers, consolidate all the cases, and "somehow orchestrate" the entire litigation from the beginning (d/e 69 at 19-20 of 23).  No legal authority supports this argument, Dish says, and it was ACE itself that sued Dish in Colorado while knowing that Travelers' lawsuit against Dish was pending before this Court.  Dish emphasizes that it is the party that has been sued by different insurers in different forums.  Far from having "chosen" the current piecemeal litigation,

Dish "sought to <u>avoid</u> unnecessary litigation" by "choosing <u>not</u> to sue Travelers or ACE because they both had initially agreed to defend" (d/e 69 at 17 of 23) (emphasis added). ACE, Dish says, cannot complain that Dish failed to streamline the litigation when ACE contributed to the litigation's current piecemeal nature.

Travelers similarly replies that it did not "wait[]" until this Court had entered an unfavorable ruling against Travelers before seeking to join ACE (d/e 72 at 2). Rather, Travelers says, its motion to amend is merely a response to Dish's motion to amend. If Dish is allowed to add a claim for defense and indemnification against ACE, Travelers says, then Travelers should be permitted to assert its claim for defense-cost contribution from ACE.

Travelers also echoes Dish's argument that ACE filed its lawsuit in the ACE case in Colorado knowing full well that the Travelers action was pending before this Court. At a minimum, Travelers says, ACE "contributed to the current situation of parallel insurance coverage proceedings in two different jurisdictions" (d/e 72 at 5).

The Court does not agree that Dish and Travelers have engaged in inappropriate forum-shopping. Dish and Travelers

plainly would prefer to litigate in one forum all of the various coverage disputes relating to the underlying litigation, and that preference is understandable and reasonable.  Nonetheless, the Court does not find good cause to modify the existing schedule to allow Dish and Travelers to assert third-party claims against ACE. The deadline to add parties in this case passed three and a half years ago, and ACE and Dish have already been litigating the ACE case in the District of Colorado for more than three years. Fully briefed summary judgment motions in the ACE case are currently pending, and the ACE court recently denied Dish's motion to transfer the case to this Court.  The ACE court plainly intends to resolve the coverage dispute between ACE and Dish, and this Court finds no good cause at this late date to allow those issues to be brought into this litigation.  See Highlands Ins. Co. v. Lewis Rail Serv. Co., 10 F.3d 1247, 1251 (7th Cir. 1993) (affirming denial of insured's motion for leave to file third-party complaint) ("Adding parties at such a late date would have substantially delayed the proceedings and unnecessarily complicated them," and insured "retain[ed] … the option of suing those parties in federal and/or state court.").

## B.    Interests of justice

Dish and Travelers argue that the interests of justice favor

allowing them to add claims against ACE.  See Fed. R. Civ. P.

15(a)(2) ("The court should freely give leave [to amend] when justice

so requires.").  The Court considers whether the movant has

satisfied Rule 16(b)(4)'s "good cause" standard before considering

whether Rule 15(a)(2)'s requirements have been satisfied.  Alioto v.

Town of Lisbon, 651 F.3d 715, 719 (7th Cir. 2011) (noting that

"[t]he two-step process is consistent with nearly every one of our

sister circuits").  Here, the Court has already determined that Dish

and Travelers have not satisfied Rule 16(b)(4)'s "good cause"

requirement with respect to their request to add third-party claims

against ACE.  Therefore, the Court need not consider whether

under Rule 15(a)(2) justice requires allowing the parties to amend

their pleadings.  Nevertheless, for the sake of completeness, the

Court conducts that inquiry now.

Dish argues that having two separate courts adjudicate ACE's

and Travelers' respective duties to Dish would be a "senseless

waste" of judicial resources (d/e 50 at 16 of 20).  The ACE and

Travelers policies are "substantially identical," Dish says, and ACE

and Travelers have offered "the same essential defenses to their respective duties to defend under nearly identical policy language" (d/e 69 at 13 of 23).  Thus, Dish says, there is "no compelling reason" to adjudicate the two coverage disputes in separate forums. (Id.)  Dish further argues that ACE cannot claim prejudice because ACE had notice of the facts alleged in Dish's proposed third-party claim against ACE, and very little discovery has occurred.

Travelers agrees with Dish.  In Travelers' Motion to Intervene in the ACE case, Travelers argues that Dish's arguments in support of Dish's claims for coverage under the Travelers policy and under the ACE policy are "substantially similar" (Motion to Intervene, ACE v. Dish, 1:13-cv-560, D. Colo. Dec. 7, 2015 (Doc. 155 at ¶ 8)); that Travelers' and ACE's legal arguments are "substantially similar and[] in many cases identical" (id. at ¶ 18); and that letting the ACE case and this case remain separate will "manifestly result in a great duplication, and thus waste, of judicial and litigant resources" (id at ¶ 19).  Further, Travelers argues that inconsistent rulings "would wreak havoc" on Travelers and ACE's ability to "ultimately determine and apportion their obligations to DISH, if any."  Reply in Supp. of Motion to Intervene, ACE v. Dish, 1:13-cv-560, D. Colo.

Jan. 11, 2016 (Doc. 163 at 5).  Indeed, Travelers says, if ACE and

Travelers remain in separate coverage actions, consolidation will

"eventual[ly]" be necessary, and perhaps even "yet another new

lawsuit" will be needed to resolve the issues between Travelers and

ACE.  <u>Id</u>.  Travelers says that Dish, ACE, and Travelers will all

benefit by having "all issues in relation to defense and indemnity of

Dish in the underlying litigation decided in the same place and, if

possible, at the same time."  Motion to Intervene, <u>ACE v. Dish</u>, 1:13-

cv-560, D. Colo. Dec. 7, 2015 (Doc. 155 at ¶ 19).

ACE disagrees.  ACE says that joining ACE to this case would

neither streamline the resolution of Dish's coverage issues nor

result in a comprehensive coverage action.  In fact, ACE says,

adding ACE to this case would <u>impede</u> judicial efficiency, because

joining ACE would require litigating ACE's duty to defend Dish.

ACE and Dish already filed, in June 2015 in the ACE case, motions

for summary judgment on ACE's duty to defend Dish, and the

motions remain pending.  Allowing Dish to add claims against ACE

in this case, ACE says, would unnecessarily delay resolution of

those summary judgment motions.  Further, ACE says, Colorado

law applies in the ACE case.  Although Dish says that this Court

has gained expertise in the complex issues in the underlying litigation, ACE argues that the issues relating to the coverage questions are "routine rather than unusual," and that the ACE court is more familiar with Colorado law (d/e 56 at 9 (quoting Order Denying Dish's Motion to Certify, ACE v. Dish, 1:13-cv-560, D. Colo. Mar. 3, 2014 (Doc. 44 at 5))).

Travelers replies that any prejudice from any delay is trumped by the benefit of avoiding inconsistent coverage rulings relating to Dish's policies.  If ACE is not joined to this case, Travelers says, there exists a significant risk of inconsistent rulings regarding Travelers' and ACE's duties under the substantially similar policies they have with Dish.  According to Travelers, the only relevant substantive difference between the Travelers policy and the ACE policy is that they were issued for different policy periods during the time period during which Dish allegedly violated federal law. Travelers notes that a different federal court has already ruled that a different insurer, Arch Specialty, had no duty to defend Dish under policy language similar to the policy language at issue here. See Order and Opinion, Dish Network Corp., et al v. Arch Specialty Ins. Co., et al, No 09-cv-447, D. Colo. Oct. 22, 2013 (Doc. 190).

That decision, Travelers says, is at odds with this Court's ruling in this case that Travelers <u>does</u> have a duty to defend Dish.  Thus, Travelers says, if Dish's claims against Travelers and ACE are not adjudicated in the same forum, the risk is high that the courts will, based on identical or nearly identical facts, render inconsistent decisions as to Travelers' and ACE's duties to defend.

Dish agrees with Travelers that piecemeal litigation of its coverage issues "gives rise to the specter of inconsistent outcomes and prejudicial results" (d/e 69 at 13 of 23).  For example, if this Court were to hold that Travelers has a duty to indemnify Dish, and if the ACE court were to hold that ACE has no such duty, then Dish would be left with "an unwarranted gap in coverage."  (<u>Id</u>.)

ACE disagrees about how similar the ACE case is to this case.  ACE notes that Dish tried to dismiss the ACE case on the ground that ACE had not joined Dish's other insurers, including Travelers.  Dish argued that without joinder the controversy "c[ould] not be completely resolved or settled."  Motion to Dismiss, <u>ACE v. Dish</u>, 1:13-cv-560, D. Colo. June 21, 2013 (Doc 22 at 13).  But the ACE court disagreed:

> [W]hile it is true that [the Travelers case and the ACE case] have some common questions of law … and fact … ACE also notes that the cases have some questions that are unique to each case, as the two cases involve one different underlying claim, different insurance companies, different insurance policies with different policy language, and different policy periods.

Recommendation of United States Magistrate Judge, ACE v. Dish, 1:13-cv-560, D. Colo. Aug. 13, 2013 (Doc. 34 at 22) (quotation omitted) (adopted by District Judge on March 3, 2014 (Doc. 44)). The ACE court was "not persuaded" that Travelers needed to be joined to settle the coverage dispute between Dish and ACE.  Id. at 22-23.

ACE argues that there is no risk of inconsistent judgments and no risk of any party incurring inconsistent obligations if the ACE case and this case remain separate.  This case and the ACE case "concern obligations of distinct insurers under distinct insurance policies with distinct coverage terms" (d/e 70 at 7). Although Travelers says the only difference between the policies is that they were issued for different periods of time, ACE says that in fact there are "substantial and important differences" between the two policies—differences the ACE court recognized (id. at 8).  See Recommendation of United States Magistrate Judge, ACE v. Dish,

1:13-cv-560, D. Colo. Aug. 13, 2013 (Doc. 34 at 21-22) (adopted by District Judge on March 3, 2014 (Doc. 44)).  Thus, ACE says, the two cases are not "identical" coverage cases, as there are "numerous distinctions" between the two policies' language, the reservations of rights the two insurers issued to Dish, the different grounds upon which each insurer disputes coverage, and the nature of Dish's counterclaims (d/e 70 at 8).

In fact, ACE says, it is ACE, not Travelers, that faces a risk of inconsistent rulings if the Court allows ACE to be brought into this case.  The ACE court has already rejected the argument that there are identical facts at issue in the ACE case and this case. Recommendation of United States Magistrate Judge, ACE v. Dish, 1:13-cv-560, D. Colo. Aug. 13, 2013 (Doc. 34 at 22) (adopted by District Judge on March 3, 2014 (Doc. 44)).  And the ACE court has already ruled that Travelers is not a necessary party to the ACE case.  Id.  If this Court rules otherwise and allows ACE to be brought into this case, ACE will have been subjected to inconsistent rulings by this Court and by the ACE court.

Further, ACE argues, the threat of inconsistent outcomes for Dish does not justify bringing ACE into this case.  The possibility

that this Court and the ACE court "might reach different conclusions regarding similar issues as to different policies," ACE says, "does not make ACE a necessary party" to the case before this Court (d/e 70 at 7) (emphasis removed).  See Fed. Ins. Co. v. SafeNet, Inc., 758 F.Supp.2d 251, 260 (S.D.N.Y. 2010) ("Even if ... this Court concluded that [one insurer's policies] were void and another court held that the [other insurer's] policies were not voided by the very same conduct, such a result would not require any party to breach either court order and thus does not yield inconsistent obligations"); Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998) ("'Inconsistent obligations' are not ... the same as inconsistent adjudications or results. ...  Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. ...  Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.  ...  Unlike a risk of inconsistent obligations ... a risk of inconsistent adjudications ... does not necessitate joinder of all parties into one action ....").

The Court finds that the interests of justice do not support bringing ACE into this case.  Joining ACE to this case will not serve judicial economy.  As explained above, ACE and Dish are already litigating their coverage dispute in the ACE case in Colorado and have been doing so for more than 3 years.  Allowing Dish and Travelers to bring issues relating to the ACE policy into this case will only impede the ACE court's resolution of those issues—a resolution the ACE court signaled its intent to effectuate just last month when it denied Dish's motion to transfer the ACE case to this Court.  Order, <u>ACE v. Dish</u>, 1:13-cv-560, D. Colo. Feb. 19, 2016 (Doc. 169).  Dish says that the dispositive motions pending in the ACE case do not counsel denying Dish's motion, as the motions will simply either be decided in Colorado or in this Court "upon transfer" (d/e 69 at 17 of 23).  But now that the ACE court has denied Dish's motion to transfer the ACE case to this Court, clearly there will not be any transfer.  As such, the motions are best left for ruling where they were filed.

As for the risk of inconsistent outcomes, the Court sees no reason to disturb the ACE court's previous ruling that Travelers was not a necessary party in the ACE case.  <u>See</u> Recommendation of

United States Magistrate Judge, <u>ACE v. Dish</u>, 1:13-cv-560, D. Colo. Aug. 13, 2013 (Doc. 34 at 22) (noting that the two cases "have some questions that are unique to each case … involve one different underlying claim, different insurance companies, different insurance policies with different policy language, and different policy periods") (quotation omitted) (adopted by District Judge on March 3, 2014 (Doc. 44)); <u>see</u> <u>also</u> <u>West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, etc.</u>, 751 F.2d 721, 728 (5th Cir. 1985) ("The federal courts have long recognized that the principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs.").

And even if the ACE and Travelers policies were so similar that contrary rulings from the ACE court and this court would constitute "inconsistent" outcomes for Dish, such an "inconsistent" adjudication would not be enough to justify joining ACE under these circumstances.  See <u>Fed. Ins. Co.</u>, 758 F.Supp.2d at 260 (inconsistent rulings on two insurers' policies does not require either insurer to breach a court order "and thus does not yield inconsistent obligations"); <u>Delgado</u>, 139 F.3d at 3 ("a risk of

inconsistent adjudications … does not necessitate joinder of all parties into one action").

### C.   Section 1404 and prematurity

ACE also argues that, if the Court allows Dish and Travelers to add third-party claims against ACE, the Court will be required to transfer the claims to the existing ACE case in Colorado under 28 U.S.C. § 1404(a) and the "first-to-file" rule.  ACE also argues that resolving ACE's duty to indemnify Dish is premature, as it cannot be determined until the underlying litigation concludes.

Having already denied Dish's and Travelers' requests to add claims against ACE, the Court does not address ACE's additional arguments in opposition to being brought into this case.

## IV.   Conclusion

For the reasons above, Dish's Motion for Leave to File an Amended Counterclaim and Third-Party Claim (d/e 49) and Travelers' Motion for Leave to Amend Its Complaint (d/e 61) are GRANTED IN PART and DENIED IN PART.  Travelers is granted leave to file an amended complaint on or before April 22, 2016.  Dish is granted leave to file an amended answer and counterclaim on or before May 20, 2016.  In their amended pleadings, Travelers

and Dish may not add claims or counterclaims against ACE or any

other third party.

ENTERED:  March 24, 2016

FOR THE COURT:            s/ Sue E. Myerscough
                          SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE